IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, *Plaintiff*, | § § § § | |
| v. | § § | MO:25-CV-00063-DC-RCG |
| GINA R. SOLIS, *Defendant*. | § § § | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Plaintiff The Lincoln National Life Insurance Company's Motion for Default Judgment. (Doc. 12). This matter is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **RECOMMENDS** that Plaintiff's Motion for Default Judgment be **GRANTED**. (Doc. 12).

### I.    BACKGROUND

On February 10, 2025, Plaintiff The Lincoln National Life Insurance Company's ("Plaintiff") filed its Original Complaint, along with a Corrected Complaint, against Defendant Gina R. Solis ("Defendant"). (Docs. 1, 4). The case involves the recension of a life insurance policy. Effective November 4, 2019, Plaintiff issued a life insurance policy bearing Policy Number 4929324 (the "Policy"), insuring the life of Michael J. Solis. (Doc. 4 at 2). Defendant is the sole beneficiary of the Policy. *Id*. Plaintiff issued the Policy based on representations made by Mr. Solis in his Application and Medical Supplement signed on November 25, 2019. *Id*. In the Medical Supplement, Mr. Solis provided that his last use of cocaine was between seven and ten years ago. *Id*. Based on the representations, Plaintiff issued the Policy. *Id*. The Policy had a

two-year contestability period. *Id*. at 4. Within the two-year period, Mr. Solis died, and Defendant made a claim for the death benefits under the Policy. *Id*. As part of its standard contestability review process, Plaintiff gathered medical records for Mr. Solis. *Id*. Within his records, Mr. Solis admitted in May of 2019 to using cocaine daily. *Id*. Based on the misrepresentation Mr. Solis made in his Medical Supplement regarding his drug use, Plaintiff seeks to rescind the Policy. *Id*. at 5.

By its current Complaint, Plaintiff seeks a declaratory judgment. (Doc. 4 at 7). Summons were issued to Defendant on February 12, 2025. (Doc. 3). Plaintiff filed proof of service on March 12, 2025, showing Defendant was personally served on February 18, 2025. (Doc. 7 at 1). Defendant's Answer was due March 12, 2025. *See id*. On March 28, 2025, the Court ordered Defendant to show cause in writing as to why she has not filed an Answer. (Doc. 9). Defendant neither filed a response to the Court's Order or an Answer to Plaintiff's Complaint. To date, Defendant has failed to answer Plaintiff's Complaint or otherwise make an appearance in this lawsuit. On April 30, 2025, a Clerk's Entry of Default was entered against Defendant in this case. (Doc. 11). On May 1, 2025, Plaintiff filed its Motion for Default Judgment. (Doc. 12). A hearing was held on the instant Motion for Default Judgment on May 28, 2025, via Zoom. (Doc. 13). By its Motion and its representations at the default judgment hearing, Plaintiff does not seek monetary damages, nor attorney fees from Defendant, but rather seeks a an order declaring "that the Lincoln life-insurance policy bearing Policy Number 4929324 is rescinded, that Lincoln is excused from having to pay any death benefit on the Policy, and that Lincoln's only remaining obligation under the Policy is a return of premiums paid under the Policy to Gina R. Solis." (Doc. 12-2). Accordingly, this matter is now ready for disposition.

## II.      LEGAL STANDARD

After entry of default and upon a motion by the plaintiff, Federal Rule of Civil Procedure 55 authorizes the Court to enter a default judgment against a defendant who fails to plead or otherwise defend the suit. FED. R. CIV. P. 55(b). However, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Savs. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Accordingly, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Instead, the district court "has the discretion to decline to enter a default judgment." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

In determining whether to enter a default judgment, courts utilize a three-part test. *See United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008). First, the Court considers whether the entry of default judgment is procedurally warranted. *Id*. The factors relevant to this inquiry include:

> (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893. Second, the court assesses the substantive merits of the plaintiff's claims, determining whether the plaintiff set forth sufficient facts to establish his entitlement to relief. *See 1998 Freightliner*, 548 F. Supp. 2d at 384. In doing so, courts assume that, due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Third, the court

determines what form of relief, if any, the plaintiff should receive in the case. *Id.*; *1998 Freightliner*, 548 F. Supp. 2d at 384. Generally, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

### III.    DISCUSSION

Applying the three-part analysis detailed above, the Court finds Plaintiff is entitled to a default judgment against Defendant.

### A.  Default Judgment is Procedurally Warranted

In light of the six *Lindsey* factors enumerated above, the Court finds that default judgment is procedurally warranted. First, Defendant has not filed any responsive pleadings or otherwise appeared in this case. Consequently, there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Second, Defendant's total failure to respond has brought the adversarial process to a halt, effectively prejudicing Plaintiff's interests. *Lindsey*, 161 F.3d at 893. Third, the grounds for default are "clearly established" since over the course of this case, Defendant has not responded to the summons, the Complaint, the Court's Show Cause Order, the clerk's entry of default, or Plaintiff's Motion for Default Judgment. *See J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011) (finding that default judgment is appropriate if defendants are totally unresponsive and the failure to respond is plainly willful, as reflected by the parties' failure to respond either to the summons and complaint, the entry of default, or the motion for default judgment).

Fourth, there is no evidence before the Court indicating that Defendant's silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, Defendant

has had nearly four months to respond to Plaintiff's claims or otherwise appear in this matter. Consequently, any purported harshness of a default judgment is mitigated by Defendant's inaction for this lengthy time period. *United States v. Rod Riordan Inc.*, No. 17-CV-071, 2018 WL 2392559, at *3 (W.D. Tex. May 25, 2018). Finally, the Court is not aware of any facts that give rise to "good cause" to set aside the default if challenged by Defendant. *Lindsey*, 161 F.3d at 893. Therefore, the Court finds that default judgment is procedurally warranted under these circumstances.

## B.  Default Judgment is Substantively Warranted

### 1.  Whether Plaintiff States a Viable Claim for Declaratory Judgment

Having determined that default judgment is procedurally warranted, the Court now considers whether Plaintiff's pleadings establish a viable claim for declaratory relief. The case arises from a life insurance policy that Defendant is the beneficiary of. Plaintiff seeks a declaration that the Lincoln Policy is rescinded, Plaintiff is excused from having to pay any death benefits on the Lincoln Policy, and Plaintiff's only remaining obligation under the Lincoln Policy is a return of premiums. (Doc. 12 at 7). Due to the entry of default, Defendant is deemed to have admitted the allegations outlined in the Complaint. *Nishimatsu Constr.*, 515 F.2d at 1206.

Under Texas law, to avoid a policy because of the misrepresentation of the insured, an insurer must show: (1) the making of a representation, (2) the falsity of the representation, (3) reliance upon the representation by the insurer, (4) the intent to deceive on the part of the insured in making the representation, and (5) the materiality of the representation. *RLI Ins. v. 2G Energy Sys., LLC*, 581 F. Supp. 3d 817, 825 (W.D. Tex. 2020). "An insured's misrepresentation during the process of obtaining insurance also implicates Texas statutory law." *Id.* Under the

Texas Insurance Code, "the insurer bears the burden of proving the insured made the misrepresentation intentionally." *Id*.

Plaintiff has shown it may rescind the Policy. First, Mr. Solis represented in the Medical Supplement of the Policy that his last use of cocaine was between seven and ten years ago. (Doc. 4 at 2). Second, Plaintiff alleges, in the same year he applied for the Policy, Mr. Solis's medical records state he used cocaine daily. *Id*. at 4. Third, Plaintiff provides it would not have issued the Policy as applied for had Mr. Solis properly disclosed his cocaine use. *Id*. at 5. Fourth, Plaintiff alleges Mr. Solis's conduct was intentional as he would have been aware of his cocaine use at the time he signed the Medical Supplement. *Id*. Fifth, the misrepresentation was material as Plaintiff would not have issued the Policy with this information. *Id*. Accordingly, the Court finds Plaintiff's pleadings contain a sufficient basis for judgment in its favor.

### 2.  Whether Declaratory Relief is Appropriate

"When considering a declaratory judgment action, a district court must engage in a three-step inquiry." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). The three steps are determining (1) "whether an 'actual controversy' exists between the parties to the action"; (2) "whether [the Court] has the 'authority' to grant declaratory relief in the case presented"; and (3) "how to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Id*. (citations omitted).

The Court must first determine if an "actual controversy" exists. "As a general rule, an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality' [exists] between parties having adverse legal interests." *Fid. & Guar. Life Ins. v. Unknown Tr. of Revocable Trust-8407*, No. 13-CV-412, 2014 WL 2091257, at *3 (W.D. Tex. May 16, 2014)

6

(quoting *Orix Credit All.*, 212 F.3d at 896). Here, Plaintiff asserts it has a right to rescind the life insurance policy that Defendant is the sole beneficiary of. Thus, an "actual controversy" exists.

"Under the second element of the *Orix Credit Alliance* test, a district court does not have authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in federal court; and (3) the district court is prohibited from enjoining the state proceedings under [28 U.S.C. §] 2283." *Fid. & Guar. Life Ins.*, 2014 WL 2091257, at *4 (quoting *Sherwin–Williams Co. v. Holmes Cty.*, 343 F.3d 383, 388 n.1 (5th Cir. 2003) (citations omitted)). Here, nothing before the Court establishes the existence of a similar, parallel state court action relating to this cause. With no evidence of a similar pending state court action, the Court has the authority to grant declaratory relief pursuant to the guidelines set forth in *Orix Credit Alliance.*

Third and finally, the Court must determine whether to exercise or decline jurisdiction. The Fifth Circuit has stated that, when determining whether to exercise or decline jurisdiction over a declaratory judgment action, a district court should consider several important factors, particularly whether: (1) "a state action is pending in which all of the matters in controversy may be fully litigated"; (2) "the plaintiff filed the declaratory action suit in anticipation of a suit by the defendant"; (3) "the plaintiff engaged in forum shopping in bringing the suit"; (4) "possible inequities exist by allowing the declaratory plaintiff to gain precedence in time or to change forums"; (5) "the federal court is convenient for the parties and witnesses"; (6) "retaining the case in federal court will serve judicial economy"; and (7) "the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending." *Id.* (citing *Sherwin–Williams*,

343 F.3d at 388). After reviewing the record, the Court holds these factors balance in favor of granting Plaintiff's requested declaratory judgment. As noted above, there is no evidence of a similar, parallel, state court action pending that is related to the instant case. There is no evidence Plaintiff filed the action in anticipation of a suit, and there is no evidence Plaintiff has engaged in forum shopping in bringing suit. Furthermore, fairness weighs in favor of granting declaratory judgment, and this would further judicial efficiency by resolving the question before the Court today.

## C. Plaintiff Should Receive a Declaratory Judgment

Default judgment is appropriate against Defendant. The Court now must determine what form of relief Plaintiff should receive. *1998 Freightliner*, 548 F. Supp. 2d at 384. Because Plaintiff seeks only declaratory relief, rather than monetary damages of any kind, an evidentiary hearing or detailed affidavits are not necessary. *Seattle Bank v. Dulworth*, No. 22-CV-01036, 2023 WL 9005642, at *5 (N.D. Tex. Dec. 13, 2023). Accordingly, a declaratory judgment should be entered.

## IV.    RECOMMENDATION

For the aforementioned reasons, it is **RECOMMENDED** that Plaintiff's Motion for Default Judgment be **GRANTED**. (Doc. 12).

It is **FURTHER RECOMMENDED** that a final judgment be entered against Defendant declaring:

(1) The Lincoln life-insurance policy bearing Policy Number 4929324 is rescinded;

(2) Lincoln is excused from having to pay any death benefit on the Policy;

8

(3) Lincoln's only remaining obligation under the Policy is a return of premiums

paid under the Policy to Gina R. Solis.

SIGNED THIS 30TH DAY OF MAY, 2025.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).